878 P.2d 209

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Wayne JENSEN, Defendant–Appellant.**

**No. 20709.**

Court of Appeals of Idaho.

July 15, 1994.

---

**36**

Alan E. Trimming, Ada County Public Defender, Deborah A. Whipple, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

Robert Wayne Jensen stands convicted of driving under the influence of alcohol. In this consolidated appeal he challenges the denial of his motion for reduction of sentence pursuant to I.C.R. 35 and the dismissal of his application for post-conviction relief under Idaho Code § 19–4901. We conclude that the district court lacked jurisdiction to hear the Rule 35 motion due to the motion's untimeliness, and therefore we affirm dismissal of the motion. We also affirm dismissal of Jensen's petition for post-conviction relief because he failed to present evidence supporting the specific claim of ineffectiveness of counsel that is the subject of his appeal.

## PROCEDURAL BACKGROUND

Jensen pled guilty in 1991 to felony driving under the influence of alcohol. I.C. § 18–8005(3). This arrest, his third in three years and his ninth since 1982, occurred after Jensen ran a stop sign and narrowly missed colliding with an off-duty police officer. Jensen was given a unified sentence of three years with a minimum period of confinement of eighteen months. Fifteen months after sentencing, Jensen filed a pro se motion for reduction of the sentence pursuant to I.C.R. 35. Jensen sought elimination of the indeterminate portion of his sentence, which would leave only the eighteen-month determinate portion to be served. In his motion Jensen acknowledged that the motion was not filed within 120 days of the judgment of conviction as required by I.C.R. 35. The motion stated, however, that the untimeliness was due to conduct of Jensen's counsel who had allegedly, without authorization, waived Jensen's right to file a Rule 35 motion as part of the plea negotiations.

Subsequently, with the assistance of court-appointed counsel, Jensen filed an application for post-conviction relief on grounds that he had received ineffective assistance of counsel in the criminal proceeding. In his application Jensen alleged that his former attorney had been deficient in several ways, including failing to advise Jensen of his right to file a Rule 35 motion and waiving Jensen's right to file such a motion as part of plea negotiations without Jensen's consent.

The district court scheduled the Rule 35 motion for hearing concurrently with the evidentiary hearing on the post-conviction relief application. At that hearing Jensen's counsel first presented evidence on the Rule 35 motion for reduction of sentence. Both the defendant and the State presented argument on the motion without discussing its untimeliness. After hearing the evidence and argument, the court denied the Rule 35 motion on the merits.

Jensen then took up his post-conviction relief application. In this portion of the hearing, he presented evidence on certain of his claims that he had been deprived of effective assistance of counsel in the criminal proceeding. This included evidence aimed at

showing that his original attorney had not adequately investigated and prepared the case and that the attorney had made assurances to Jensen that he would receive a withheld judgment. However, Jensen offered no evidence on the claim that his counsel had waived his right to file a Rule 35 motion without authorization. Apparently both the State and Jensen's attorney in the post-conviction relief proceeding deemed the latter issue moot because the court had already considered the merits of Jensen's Rule 35 motion and denied the requested relief. After the hearing the court ruled that Jensen had failed to prove that his counsel had been ineffective and, therefore, dismissed the application for post-conviction relief. However, the court made no specific findings as to whether Jensen's counsel had waived the opportunity for Rule 35 relief without Jensen's consent.

On appeal Jensen argues that the court abused its discretion in denying his Rule 35 motion and that it erred by denying his application for post-conviction relief without making a specific finding under I.C. § 19-4907 regarding whether Jensen's former counsel had improperly waived his right to Rule 35 relief.[1] The State responds that Jensen's motion for reduction of sentence was untimely and thus barred by the jurisdictional limitations of I.C.R. 35. The State also contends the district court could not make findings in the post-conviction proceeding regarding the attorney's alleged waiver of Jensen's Rule 35 rights because Jensen presented no evidence on that point.

## ANALYSIS

A. The I.C.R. 35 Motion for Reduction of Sentence.

A motion to modify a lawful sentence must be filed within 120 days after entry of judgment. I.C.R. 35. This time limit is a jurisdictional restraint on the power of the court, and a court ordinarily may not grant an untimely motion. *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct.App. 1992); *State v. Parrish*, 110 Idaho 599, 600,

716 P.2d 1371, 1372 (Ct.App.1986). However, where the loss of a Rule 35 opportunity was caused by ineffective assistance of counsel, the late filing of a motion for Rule 35 relief will be permitted. In *Murray v. State*, 121 Idaho 918, 924, 828 P.2d 1323, 1329 (Ct. App.1992), we held that relief for counsel's ineffectiveness in failing to timely file a Rule 35 motion upon the client's request could be sought either through an application for post-conviction relief or through an untimely Rule 35 motion, with counsel's failure asserted as a reason to excuse the untimeliness. Here, Jensen sought relief through both of these avenues and alleged in both his motion for Rule 35 relief and his post-conviction application that counsel had been deficient in waiving and failing to pursue a Rule 35 motion.

Unfortunately, however, Jensen presented no evidence on this claim of ineffectiveness of counsel in either the Rule 35 hearing or the post-conviction proceeding. Proof that Jensen's original lawyer was ineffective regarding Jensen's rights under I.C.R. 35 was a necessary predicate to Jensen's right to pursue an untimely Rule 35 motion and to the court's jurisdiction to hear such a motion.

Because no evidence was presented on this point, when the Rule 35 motion was heard and addressed by the trial court, no basis for the trial court's jurisdiction had been established. Although the district court addressed the merits of this motion, it had no jurisdiction to do so.

While the jurisdictional defect might have been cured by subsequent proof in the post-conviction case, such proof was not offered. After the district court had denied the motion for Rule 35 relief, the evidentiary hearing proceeded on the post-conviction relief claim. At that point, Jensen again failed to present evidence regarding his former counsel's unauthorized waiver of Jensen's rights under Rule 35. Consequently, we can only conclude that the district court was without jurisdiction to hear the Rule 35 motion.

---

1. Jensen does not challenge on appeal the district court's rulings on the other claims presented in his post-conviction relief application.

Where a trial court reaches the correct result but does so upon an erroneous theory, we will affirm upon the correct theory. *State v. Werneth*, 101 Idaho 241, 243, 611 P.2d 1026, 1028 (1980), *cert. denied*, 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981). Here denial of the motion was the correct result. We affirm on the ground that the district court was without jurisdiction to grant any relief pursuant to Rule 35 based upon the evidence presented.

## B. The Post–Conviction Relief Proceeding.

Jensen also contends on appeal that the district court erred in failing to make findings regarding allegations in his post-conviction relief application that his counsel in the criminal proceeding was ineffective in either omitting to advise Jensen of his Rule 35 rights or in waiving those rights without Jensen's consent. In a post-conviction relief proceeding the district court is required to make findings of fact and conclusions of law sufficient to provide a record for appellate review. I.C. § 19–4907; *Maxfield v. State*, 108 Idaho 493, 497, 700 P.2d 115, 119 (Ct. App.1985). However, findings are neither required nor possible where no evidence was presented upon which to base such a finding. *Dwyer v. Lanan & Snow Lumber Company*, 141 Cal.App.2d 838, 297 P.2d 490, 492 (1956). Because Jensen presented no evidence regarding his counsel's alleged failure to preserve and pursue Jensen's Rule 35 rights, the district court did not err by failing to make any findings regarding that allegation.

## CONCLUSION

The district court's denial of Jensen's motion for reduction of sentence is affirmed because the court lacked jurisdiction to entertain the motion. The dismissal of Jensen's application for post-conviction relief is affirmed because the district court was not required to make findings on a claim of ineffective assistance of counsel where no evidence on that claim was presented.

WALTERS, C.J., and PERRY, J., concur.