**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40696**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 40 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 12, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LONNIE LEE ALLEN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Orders denying motions for relief under Idaho Code § 19-2604 and to seal criminal file, <u>affirmed.</u>

Amendola Doty & Brumley, PLLC; Gary I. Amendola, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.
_____

WALTERS, Judge Pro Tem

Lonnie Lee Allen appeals from the district court's denial of his motion for relief under Idaho Code § 19-2604 and the denial of his motion to seal the criminal file. We affirm.

**I.**

**BACKGROUND**

Pursuant to a plea agreement, Allen pleaded guilty to attempted strangulation, a felony in violation of Idaho Code § 18-923, following an incident with a female companion. On January 13, 2010, the district court entered a judgment of conviction, imposed a fine and a sentence of three years with one year determinate, then suspended the sentence and placed Allen on probation for three years. Approximately nine months later, the State filed a report of three alleged probation violations. Allen admitted one of the alleged violations and the State dismissed the remaining allegations. The district court entered a finding that Allen had violated his probation but continued Allen's probation, ordering that Allen serve eight days in the county

1

jail.  In December 2011, Allen filed a motion to terminate his probation early, a motion to set aside his probation violation, and a motion for relief under section 19-2604 "for an order setting aside the Defendant's plea of guilty and conviction in this case and ordering that the case be dismissed and the Defendant discharged."  The district court denied the motions, but allowed Allen's probation to be converted to an unsupervised probation on December 22, 2011.  A few months later, Allen filed a motion to terminate his unsupervised probation early and renewed his motions to set aside his probation violation and to reduce his felony conviction.  The district court granted Allen's motion for early termination as of July 2, 2012, but after receiving supplemental briefing, denied the other motions, finding that a reduction of Allen's felony conviction was not compatible with the public interest.  Allen filed a motion for reconsideration and a separate motion to seal his criminal file.  After a hearing, the district court denied both the motion for reconsideration and the motion to seal the file.  Allen filed a timely notice of appeal.

## II.

## DISCUSSION

Allen poses two issues.  First, he contends that the district court erred by denying his motion to reduce his felony conviction, arguing that the court abused its discretion by finding that a reduction of Allen's conviction was not compatible with the public interest.  Second, he submits that the district court also abused its discretion by denying his motion to seal his criminal file.  We will discuss each of these issues in turn.

### A.      Motion to Reduce Felony Conviction

Section 19-2604 permits the district court to reduce a felony conviction to a misdemeanor in certain circumstances.  Relevant to this case, the statute provides in part:

> (1) If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that:
> (a)  The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of probation; . . .
> . . . .
> the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant or may amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension, and the amended judgment may be deemed to be a

misdemeanor conviction. This shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

In response to Allen's motion to reduce the felony conviction to a misdemeanor under section 19-2604, the district court focused directly on whether the requested relief would be compatible with the public interest, and the court determined, in its discretion, that granting Allen's request by reducing his conviction to a misdemeanor would not be compatible with the public interest. Although Allen challenges the district court's determination as an abuse of discretion, we conclude that the district court did indeed err, but not in a manner that would afford Allen any relief on this appeal.

Subsequent to the district court's decision in this case, the Idaho Supreme Court had occasion to consider the application of section 19-2604 in the context of a motion to withdraw a guilty plea and to dismiss an order withholding judgment after a period of probation. In *State v. Guess*, 154 Idaho 521, 300 P.3d 53 (2013), the Court held that this statute controlled the district court's authority,[1] and that the district court did not have the inherent power to permit a defendant to withdraw his or her plea and have the charge dismissed upon successful completion of probation. *Id*. at 523-24, 300 P.3d at 55-56 (citing *State v. Funk*, 123 Idaho 967, 969, 855 P.2d 52, 54 (1993)). Clearly, by its terms, the statute likewise controls in circumstances such as the instant case, where a defendant was given a suspended sentence on a felony conviction and later seeks to have the conviction reduced to a misdemeanor upon release from probation.

In *Guess*, the Court addressed specifically whether the State and a defendant could enter into a plea agreement that would entitle the defendant to withdraw the guilty plea independent of the terms of section 19-2604. Holding that such an arrangement would contravene the terms of the statute, the Court elaborated further:

> In order for a defendant to be permitted to withdraw his or her guilty plea: (a) the defendant must have at all times complied with the terms and conditions of probation; (b) the court must be convinced, by the showing made, that there is

---

[1] In *State v. Guess*, 154 Idaho 521, 300 P.3d 53 (2013), the Court treated an order withholding judgment of conviction where a sentence is not imposed and probation is granted the same as if the order were one where the "sentence has been withheld" as provided in Idaho Code § 19-2604.

no longer cause for continuing the period of probation; (c) the court must find that such relief is compatible with the public interest; and (d) the court, in its discretion, must decide to grant such relief. *Complying with the terms and conditions of probation is only one of the four requirements for obtaining relief under the statute.* The prosecutor did not have the authority to enter into a plea agreement that would eliminate two of the three required findings that the district court must make when presented with a motion pursuant to section 19-2604 and that would eliminate the court's right to exercise its discretion in ruling on that motion. Likewise, the district court would not have had the authority to agree in advance that Mr. Guess could withdraw his guilty plea and have the charge dismissed if he complied with the terms and conditions of probation because the other required findings could only be made at the time the court was presented with the motion. Any such agreement would have been void.

*Guess*, 154 Idaho at 524, 300 P.3d at 56 (emphasis added) (footnote omitted). In referring to the requirement that "the defendant must have at all times complied with the terms and conditions of probation," the *Guess* Court was referring to the language of section 19-2604(1)(a) prior to a 2012 amendment that somewhat liberalized that subsection. The amendment was in effect when the district court acted on Allen's motions. The amendment does not affect the applicability of the *Guess* rationale. Applying the Court's reasoning in *Guess* to the present case, it is clear that the district court erred by failing to first make the required threshold finding concerning whether the court had found or the defendant had admitted violations of any of the terms and conditions of probation before moving to the question of whether reducing the conviction to a misdemeanor would be compatible with the public interest. The absence of findings or an admission of violations in a probation violation proceeding is a positive predicate that must be reached before the other provisions of the statute can come into play, including the ultimate discretionary decision to reduce the conviction to a misdemeanor when that action would be compatible with the public interest.

Accordingly, we hold that the district court erred by not properly following the provisions of section 19-2604 when the court denied Allen's motion to reduce his conviction to a misdemeanor. Nonetheless, it is apparent that had the district court followed strictly the provisions of the statute as later applied by the Idaho Supreme Court in *Guess*, the result in this case would still be the same. In light of Allen's admission to the allegation of a probation violation in 2010 and the district court's order finding Allen to be in violation of his probation following that admission, the district court could not have made the threshold determination required by section 19-2604(1)(a). This would have precluded the district court from reaching

4

the ultimate question of whether reduction of the charge to a misdemeanor would be compatible with the public interest. *See State v. Hanes*, 139 Idaho 392, 394, 79 P.3d 1070, 1072 (Ct. App. 2003) ("[W]e presume the legislature intended that in order for a defendant to be granted relief under I.C. § 19-2604(1), he or she must comply with the terms and conditions of his or her probation at all times and that noncompliance with the terms and conditions of probation for whatever reason precludes relief.").

To avoid this statutory bar to his request for relief, Allen argues that the district court should have granted his motion to set aside the finding of a probation violation. He cites no authority, however, giving a court authority to set aside a well-founded determination that a probation term had been violated, and he presented no grounds to do so apart from his own desire to avoid the consequences of that admitted violation. Thus, we uphold the district court's order denying the motion to reduce Allen's conviction, albeit for the correct reason and not for the one relied upon by the district court. *See State v. Werneth*, 101 Idaho 241, 243, 611 P.2d 1026, 1028 (1980) ("Where the decision of the trial court is correct but entered on a different theory, it will be affirmed on the correct theory"); s*ee also State v. Jensen*, 126 Idaho 35, 38, 878 P.2d 209, 212 (Ct. App. 1994); *State v. Morris*, 119 Idaho 448, 450, 807 P.2d 1286, 1288 (Ct. App. 1991); *State v. Hocker*, 119 Idaho 105, 106, 803 P.2d 1011, 1013 (Ct. App. 1991).

**B.** **Motion to Seal Record**

Allen moved the district court to seal his criminal file under Idaho Court Administrative Rule 32(i), asserting that he suffered economic harm because his felony conviction made it more difficult for him to obtain employment, that the file contained private third party information, and that some statements contained in the record were "libelous." Following a hearing as required by Rule 32(i), the district court denied Allen's motion, concluding that "the public interest in disclosure outweighs Mr. Allen's interest in privacy." Allen contends on appeal that the district court's determination was an abuse of the court's discretion.

Rule 32 reflects the recognized policy that "the public has a right to examine and copy the judicial department's declarations of law and public policy and to examine and copy the records of all proceedings open to the public" consistent with the public's constitutional right to know what transpires in criminal proceedings. Indeed, as explained by the United States Supreme Court, "[T]he First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information

5

from which members of the public may draw." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575-56 (1980) (quoting *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 783 (1978)). In the context of criminal proceedings, the public has a right, protected by the First Amendment, to know what goes on in its courts. *Richmond Newspapers*, 448 U.S. at 576.

Striking a balance between the public's constitutional right to access criminal records and the privacy rights of individuals, Rule 32 exempts from disclosure highly private information such as presentence investigations reports, most unreturned warrants, documents that would identify jurors on a Grand Jury, and jury questionnaires. In very narrow circumstances, court records may be sealed under Rule 32(i). The rule does not allow the district court unfettered discretion to seal case files; rather, a court is only allowed to seal portions of a case file after it finds that the petitioner's privacy interests predominate over the public's constitutional right to know. Application of Rule 32(i) "requires that the district court 'hold a hearing on the motion' [to seal] and 'determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates.'" *State v. Gurney*, 152 Idaho 502, 504, 272 P.3d 474, 476 (2012) (quoting Rule 32(i)). Even then, the rule provides, "If the court redacts or seals records to protect predominating privacy interests, it must fashion the least restrictive exemption from disclosure consistent with privacy interests."

The decision by a district court to grant or deny relief under Rule 32(i) is reviewed for an abuse of discretion. *State v. Turpen*, 147 Idaho 869, 872, 216 P.3d 627, 630 (2009); *Doe v. State*, 153 Idaho 685, 687, 290 P.3d 1277, 1279 (Ct. App. 2012). On review, we ask (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistent with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Doe*, 153 Idaho at 687, 290 P.3d at 1279 (citing *State v. Watkins*, 148 Idaho 418, 421, 224 P.3d 485, 488 (2009); *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989)).

At the hearing on Allen's motion, he testified that his economic interests were harmed by having a felony conviction, asserting that he could not obtain employment with government contractors due to the existence of the felony conviction. He did not, however, explain how the sealing of his record would make any difference. Clearly, absent a dismissal or reduction of the felony conviction, Allen would still be required to disclose to prospective employers that he was a convicted felon, regardless of whether his file was sealed. Even if Allen's economic interests

were affected by his felony conviction, those interests were not affected due to any legitimate privacy concerns. The district court recognized this:

> Mr. Allen has not presented the Court with any "exceptional circumstances" that would warrant the sealing of his criminal records. While he believes that his disclosure to prospective employers that he is a convicted felon hurts his chances for employment, whether or not the court record is sealed has not been shown to adversely affect his employment capabilities. Thus it appears that the major impediment to employment is the conviction itself. This Court, in the exercise of its discretion, concludes that the public interest in disclosure outweighs Mr. Allen's interest in privacy. Accordingly, his motion to seal his criminal records is denied.

On appeal, Allen contends that the district court abused its discretion by focusing on his alleged economic harm and failing to consider Allen's arguments that his file contained private third party information and libelous information. However, Allen has not provided any authority that would give him standing to assert a third party's privacy interests in sealing Allen's criminal case file, nor has he shown how, even if he had such standing, that sealing his file would protect the privacy interest of any alleged third party. He also failed to show, either to the district court or on this appeal, that there is any libelous information in his criminal file. Consequently, neither of these contentions casts any doubt on the discretion exercised by the district court when the court denied Allen's motion to seal the record.

We hold that the district court did not abuse its discretion by denying Allen's motion to seal the record of his criminal conviction. The court correctly determined that Allen's privacy interests did not predominate over the public's interest in disclosure under Rule 32(i).

### III.

### CONCLUSION

The district court erred by failing to first make the required threshold finding concerning whether there had been an admission or court finding that Allen had violated the terms and conditions of probation before moving to the question of whether reducing the conviction to a misdemeanor would be compatible with the public interest, in accordance with section 19-2604. However, the existence of Allen's admission of a violation in a probation violation proceeding would have precluded the district court from granting Allen's motion to reduce the felony conviction to a misdemeanor. Therefore, the order denying Allen's motion for relief under section 19-2604 is affirmed.

With respect to Allen's motion to seal the record in his criminal case, we hold that the district court did not abuse its discretion by denying that motion. The order denying Allen's motion to seal his record is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**