## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44600

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 605** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 4, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **BRIAN A. ALBERTSON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order of the district court denying motion to seal criminal record, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Brian A. Albertson appeals from the district court's order denying his motion to seal his criminal record. Albertson argues the district court abused its discretion by incorrectly applying Idaho Court Administrative Rule 32 to require an actual showing of financial loss or economic harm. The district court's order denying Albertson's motion to seal is affirmed.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Albertson pleaded guilty to one count of possession of methamphetamine pursuant to a plea agreement. At sentencing, the district court granted Albertson a withheld judgment and placed Albertson on probation for three years. Albertson successfully completed his probation in 2010 and filed a motion to withdraw his guilty plea and dismiss the charge against him. The district court granted the motion.

1

In 2016, Albertson filed a motion, pursuant to I.C.A.R. 32, to have the record of his criminal case sealed. Albertson argued that his record would impede his ability to find a job in the healthcare field. At the hearing on the motion, Albertson commented that disclosing his conviction on a job application would automatically disqualify him from consideration.

The district court denied Albertson's motion. The district court found the public's right to know about Albertson's conviction was not outweighed by the possibility that Albertson's record could result in compromising financial security or economic loss. The district court noted that Albertson presented no evidence that his record had ever caused him to be denied employment. Albertson timely appeals to this Court.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

Albertson asserts the district court abused its discretion by incorrectly applying I.C.A.R. 32. Specifically, Albertson argues the district court applied I.C.A.R. 32(i)(2)(C) too stringently by requiring an actual showing of financial loss or economic harm when I.C.A.R. 32(i)(2)(C) only requires a showing of a reasonably possible financial loss or economic harm.

### A. The District Court Did Not Abuse Its Discretion by Denying Albertson's Motion to Seal His Criminal Record

As stated above, a discretionary decision is reviewed in three tiers: (1) the district court's perception of the issue as discretionary, (2) the district court's use of discretion according to applicable legal standards, and (3) the district court's exercise of reason in reaching its decision. *Hedger*, 115 Idaho at 600, 768 P.2d at 1333. Albertson does not argue the district court incorrectly perceived his motion to seal under I.C.A.R. 32 as discretionary. Albertson focuses on the second and third tiers of the abuse of discretion standard.

2

**1.     The district court acted within the boundaries of its discretion, consistent with the legal standard set forth in Idaho Court Administrative Rule 32, and reached its decision by an exercise of reason**

In addition to his argument that the district court applied I.C.A.R. 32(i)(2)(C) too stringently, Albertson also argues that I.C.A.R. 32(i)(2) is a court's first step when deciding whether to seal a record. Albertson states that only after a finding of financial loss or economic harm may a court proceed to the second step and balance an individual's privacy interest against the public's interest in disclosure. This argument misconstrues the nature of a court's determination under that rule. Under I.C.A.R. 32, these considerations happen concurrently.

Idaho Court Administrative Rule 32(i)(1) instructs a court to "determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates." Idaho Court Administrative Rule 32(i)(2) lists the bases that can support a finding that the privacy interest predominates. These bases of support limit a court's discretion to seal a record, providing the six instances where I.C.A.R. 32 recognizes a valid privacy interest. Thus, a court's consideration of I.C.A.R. 32(i)(1) and (2) must be concurrent. A court examines the facts of a case to determine whether they implicate a privacy interest, identified by I.C.A.R. 32(i)(2), that is strong enough to predominate over the public's interest in disclosure under I.C.A.R. 32(i)(1). If a court finds an interest in privacy predominates, I.C.A.R. 32(i)(2) requires the court to make additional, written determinations to support that finding. The relevant privacy interest in Albertson's case concerns financially or economically harmful content. Idaho Court Administrative Rule 32(i)(2)(C) reads:

> That the documents or materials contain facts or statements, the dissemination or publication of which may compromise the financial security of, or could reasonably result in economic or financial loss or harm to a person having an interest in the documents or materials, or compromise the security of personnel, records or public property of or used by the judicial department.

The district court acted within the boundaries of its discretion by correctly following I.C.A.R. 32's procedure when considering Albertson's motion to seal. The district court began by recognizing the measure of discretion it had to decide Albertson's motion, noting that "the discretion of the Court is fairly circumscribed" by the privacy interests listed in I.C.A.R. 32(i)(2). The district court listed the privacy interests and stated: "The only section that closely approximates the request that I have here would be Subsection [(C)] dealing with compromising financial security or potentially resulting in economic or financial loss."

3

The district court then proceeded to determine if Albertson's privacy interest under I.C.A.R. 32(i)(2)(C) predominated over the public's interest in disclosure. Considering Albertson's apparent rehabilitation and his failure to provide evidence of any denial of employment because of his unsealed record, the district court concluded: "I cannot say that the privacy interest is outweighed by the public's constitutional right to know."

It is here that Albertson argues the district court erred by construing I.C.A.R. 32(i)(2)(C) to require evidence of an actual denial of employment, rather than the reasonable possibility standard that I.C.A.R. 32(i)(2)(C) contemplates. This, Albertson contends, corrupted the balancing test in favor of the public's interest in disclosure. However, the district court's call for evidence to substantiate Albertson's claim is not error. Indeed, if the district court followed the possibility standard Albertson advocates, it would be required to grant a motion to seal whenever a party speculated the record "*may* compromise the financial security" or "*could* reasonably result in economic or financial loss or harm." I.C.A.R. 32(i)(2)(C) (emphasis added). This is not the correct standard. Although I.C.A.R. 32(i)(2)(C) does not require an actual showing of a job denial because of an unsealed record, the district court cannot determine if an unsealed record will "*reasonably* result in economic or financial loss or harm" without some evidence to support the movant's claim. *Id.* (emphasis added). Such evidence would aid a court in determining the connection between an unsealed record and any economic or financial harm. But because Albertson provided no evidence that his unsealed record would reasonably result in economic or financial loss or harm, his claim is mere speculation.

Denying Albertson's motion to seal made any further factual findings by the district court under I.C.A.R. 32(i)(2) unnecessary. For this reason, the district court made no further findings concerning financial or economic harm during the motion hearing and made no written findings in its order denying the motion. Thus, the district court followed I.C.A.R. 32's procedure and evidentiary standard for deciding motions to seal, the applicable law for the motion, and acted well within the boundaries of its discretion. It follows that in correctly applying I.C.A.R. 32 to the facts of Albertson's case, the district court reached its decision to deny Albertson's motion by an exercise of reason.

### 2. Idaho Court Administrative Rule 32 does not provide the relief that Albertson seeks

Even if the district court had granted Albertson's motion to seal his record, Albertson would not be afforded the relief he sought: to portray that his conviction never happened. Idaho

4

lacks a true expungement mechanism. Indeed, when Idaho courts employ the term expungement, their use does not "contemplate the destruction of public records." *State v. Turpen*, 147 Idaho 869, 870, 216 P.3d 627, 628 (2009). Rather, the term refers to "physical or electronic sequestration of such records from public access or inspection." *Id.* Idaho Court Administrative Rule 32 further defines the boundaries of expungement under Idaho law, allowing a court only to seal court records, not to erase a conviction from history.

In *State v. Allen*, 156 Idaho 332, 336, 325 P.3d 673, 677 (Ct. App. 2014), this Court reviewed a motion to seal under I.C.A.R. 32 on the same grounds Albertson raises: financially or economically harmful content. The defendant asserted "he suffered economic harm because his felony conviction made it more difficult for him to obtain employment." *Id.* However, the defendant did not "explain how the sealing of his record would make any difference." *Id.* at 337, 325 P.3d at 678. This Court stated that "absent a dismissal or reduction of the felony conviction, [the defendant] would still be required to disclose to prospective employers that he was a convicted felon, regardless of whether his file was sealed." *Id.* This Court repeated the district court's observation that "whether or not the court record is sealed has not been shown to adversely affect his employment capabilities . . . the major impediment to employment is the conviction itself." *Id.* Because sealing the defendant's record would not solve the defendant's employment difficulties, this Court affirmed the district court's denial of the defendant's motion to seal. *Id.*

Similarly, sealing Albertson's record will not solve his alleged employment difficulties. In the motion hearing, Albertson stated the employment application questions he feared were those that asked: "Have you been convicted of a felony?" Noting this, the district court observed that Idaho has not "created a statutory scheme that would allow for a true expungement of one's record." It then referred to *Allen* for its similarity to Albertson's case.

Upon inspection, the only significant distinction between *Allen* and Albertson's case is that while the defendant in *Allen* never withdrew his guilty plea or obtained a dismissal of his charges under a withheld judgment, Albertson did. *Allen*, 156 Idaho at 333, 325 P.3d at 674. At this point, Albertson received the greatest relief he could be afforded given his conviction: his civil rights were restored. *State v. Parkinson*, 144 Idaho 825, 828, 172 P.3d 1100, 1103 (2007) (abrogated on other grounds). But this difference between *Allen* and Albertson's case does not change the fact that if asked--"Have you been convicted of a felony?"--Albertson's answer

5

would be "Yes." A plea of guilty pursuant to a withheld judgment constitutes a conviction. *United States v. Sharp*, 145 Idaho 403, 404, 179 P.3d 1059, 1060 (2008); *State v. Wagenius*, 99 Idaho 273, 278, 581 P.2d 319, 324 (1978). This is true even if a defendant later withdraws a guilty plea and obtains a dismissal of charges. *State v. Glenn*, 156 Idaho 22, 26, 319 P.3d 1191, 1195 (2014). Albertson entered a guilty plea in 2007 and was, thus, convicted. That he later withdrew that plea, that his case was later dismissed, or even if his record was later sealed, does not change the fact that in 2007, Albertson was convicted of a crime and so he cannot now truthfully say he has not been convicted of a felony. Sealing Albertson's record in this case does not allow Albertson to truthfully say he has not been convicted of a felony, it would only prevent a prospective employer from verifying whether Albertson truthfully answered that question by reviewing state court records. Notably, sealing Albertson's state court record would do nothing to prevent prospective employers from verifying the veracity of his answer by using the FBI National Crime Information Center database, nor could a state or federal court order a change in that database's entries. *Parkinson*, 144 Idaho at 829, 172 P.3d at 1104 ("Federal law does not support the proposition that a state court, or even a federal district court, could compel the FBI to strike the notation in its database."). Regardless, preventing prospective employers from verifying the veracity of employment application responses is not a valid privacy interest and, therefore, Albertson has no valid privacy interest that takes priority over the public's interest in disclosure of his record.

## IV.
## CONCLUSION

The district court did not abuse its discretion in denying Albertson's motion to seal under I.C.A.R. 32. We affirm the district court's order denying Albertson's motion to seal.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.