**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49837**

| | |
|---|---|
| STATE OF IDAHO,<br><br>     **Plaintiff-Respondent,**<br><br>v.<br><br>DAVID CURTIS LAHTINEN,<br><br>     **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  March 4, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County.  Hon. Jonathan Medema, District Judge.

Judgment of conviction and unified sentence of twenty years with a minimum period of confinement of ten years, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>; order denying I.C.A.R. 32(i) motion to seal, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

David Curtis Lahtinen appeals from the district court's sentence and order denying his Idaho Criminal Rule 35 motion.  Lahtinen also appeals from the district court's order denying his motion to seal records related to the underlying criminal matter.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The parents of a minor child reported to police that Lahtinen had masturbated in front of their child and had touched another child.  The minor told her parents that Lahtinen had exposed himself in front of her and that this had occurred for as long as she could remember.  Lahtinen told the presentence investigator he would expose himself and masturbate in front of the child, who was a young relative.  Lahtinen also stated this occurred over a significant amount of time.  The

1

other minor reported she had been touched on her thigh and pubic area by Lahtinen while he was babysitting her. Lahtinen stated he touched the other child and that she appeared uncomfortable. Lahtinen was charged with sexual abuse of a minor, Idaho Code § 18-1506(1)(d), and lewd conduct with a minor under sixteen, I.C. § 18-1508.

Pursuant to a plea agreement, Lahtinen pled guilty to sexual abuse of a minor and the State dismissed the lewd conduct charge. Lahtinen was sentenced to a unified term of twenty years with ten years determinate. Lahtinen filed an Idaho Criminal Rule 35 motion for reduction of sentence. Pursuant to Idaho Court Administrative Rule 32(i), Lahtinen also filed a motion to seal documents filed in conjunction with his Rule 35 motion. The district court denied Lahtinen's Rule 35 motion and his motion to seal. Lahtinen timely appeals.

## II.

## STANDARD OF REVIEW

Sentencing lies within the discretion of the trial court. *State v. Casper*, 169 Idaho 793, 797, 503 P.3d 1009, 1013 (2022). When reviewing whether the length of a sentence is excessive, the appellate court reviews all the facts and circumstances in the case and focuses on whether the trial court abused its discretion in fashioning the sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007); *State v. Baker*, 136 Idaho 576, 577, 38 P.3d 614, 615 (2001). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

A motion for reduction of sentence under I.C.R. 35(b) is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35(b) motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A court may abuse its discretion if it unreasonably refuses to consider relevant evidence or otherwise unduly limits the information considered. *State v. Bayles*, 131 Idaho 624, 626-27, 962 P.2d 395, 397-98 (Ct. App. 1998). In conducting our review of the grant or denial of a Rule 35(b) motion, we consider the entire record

and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

The decision by a district court to grant or deny relief under I.C.A.R. 32(i) is reviewed for an abuse of discretion. *State v. Turpen*, 147 Idaho 869, 872, 216 P.3d 627, 630 (2009); *Doe v. State*, 153 Idaho 685, 687, 290 P.3d 1277, 1279 (Ct. App. 2012).

## III.

## ANALYSIS

Lahtinen argues the district court erred by imposing an excessive sentence, denying his motion to reduce the sentence, and denying his motion to seal the Rule 35 memorandum and attachments. The State argues Lahtinen has failed to demonstrate an abuse of the district court's discretion in sentencing, the denial of his motion for reduction of sentence, and his motion to seal.

### A.       Sentencing and the Rule 35 Motion

The objectives of sentencing are well established in Idaho: (1) protection of society; (2) deterrence of the individual and the public generally; (3) possibility of rehabilitation; and (4) punishment or retribution for wrongdoing. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 627, 873 P.2d 877, 881 (1994). A sentence need not serve all the sentencing goals or weigh each one equally. *State v. Dushkin*, 124 Idaho 184, 186, 857 P.2d 663, 665 (Ct. App. 1993). Because Lahtinen's sentence falls within statutory limits, he has the burden to show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts. *State v. Strand*, 137 Idaho 457, 460, 50 P.3d 472, 475 (2002).

The decision to place a defendant on probation is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Reed*, 163 Idaho 681, 684, 417 P.3d 1007, 1010 (Ct. App. 2018). Rehabilitation and public safety are dual goals of probation. *State v. Le Veque*, 164 Idaho 110, 114, 426 P.3d 461, 465 (2018). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521. *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002).

Lahtinen argues that he was an appropriate candidate for probation; he had a low risk to re-offend, "low" LSI-R (Level of Service Inventory-Revised) score; the presentence investigator

recommended a rider; the psychosexual evaluator recommended that treatment could take place in the community; he has the support of his father, sister, and many members of the community; he is financially secure; he participated in counseling before being sentenced; and he expressed remorse and acceptance of responsibility for his actions. Lahtinen contends he was an appropriate candidate for probation because his only other criminal conviction was a misdemeanor DUI when he was nineteen years old. Therefore, Lahtinen argues, the district court failed to properly consider his first-time offender status and mitigating factors.

At sentencing, the district court considered that the primary objective of sentencing is protecting society along with the related goals of deterrence, rehabilitation, or retribution. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. The district court considered whether probation was appropriate under I.C. § 19-2521. The district court also considered the mitigating factors, including that Lahtinen took responsibility for his actions, expressed remorse, apologized, and had the support of certain family members and members of the community. The district court also considered the presentence investigation report (PSI) and the psychosexual evaluation (PSE). Consequently, Lahtinen is asking this Court to reweigh evidence. We will not do so. Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). It is well-established that appellate courts in Idaho do not reweigh evidence. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).

The district court found that Lahtinen's crime was serious and violated his position of trust causing lifelong traumatic consequences. After considering the *Toohill* factors, the district court concluded the sentence is necessary to protect society, punish Lahtinen, and deter future criminal actions. The district court stated:

> I agree that probation is not an appropriate thing for me to do at this point in time under Idaho Code [§] 19-2521. Doing so would depreciate the seriousness of your offense. It would fail to send an appropriate deterrent message to you and to other people who are similarly situated, and, so, that leaves me with the question of, how long should you stay in prison before you're eligible for release and how long should you stay in prison if you're simply completely unrepentant and seem like a risk to do this again as soon as you're let out?

The district court also noted that, while this is Lahtinen's first felony conviction, his misconduct occurred over nearly a decade with each such incident essentially constituting a felony offense. The nature and seriousness of the offense supports the district court's sentence. Lahtinen caused

4

great and lasting harm to his victims which extended to other family members. Lahtinen has failed to show that the district court abused its sentencing discretion.

Next, Lahtinen argues that the district court abused its discretion when it denied his I.C.R. 35(b) motion for reduction of sentence in light of the new or additional information he submitted. Lahtinen offered in support of his motion for a reduction of sentence the PSI and PSE, his polygraph report, information regarding the Idaho Department of Correction (IDOC) mental health assessment, IDOC programming available to inmates convicted of a sex offense, and various supplemental reports and articles.[1] Lahtinen asserts the information submitted in support of his Rule 35 motion supported a sentence including probation. In addition, Lahtinen contends the polygraph test demonstrated he was honest about the extent of his actions and the studies he submitted show he is not a serious danger to the community.

Lahtinen argues that the information supports the psychosexual evaluator's probation recommendation. However, the district court noted that the psychosexual evaluator's recommendation was practically one of imprisonment, as the conditions placed on the recommendation did not exist in the community. The psychosexual evaluator couched the probation recommendation on the conditions that Lahtinen's contact with all young females be supervised and that he have no access to the internet or other forms of social medial until his therapist believes that it was safe to do so. The district court concluded that those criteria do not "exist outside of the penitentiary system."

The district court determined that many of the reports and articles submitted were not new information. The district court found the substance of most of the information submitted was argued during sentencing. The district court, in a well-reasoned order, applied the correct legal standards and exercised reason in denying Lahtinen's Rule 35 motion. Accordingly, Lahtinen has failed to show that the district court abused its discretion by denying his Rule 35(b) motion.

**B.     Motion to Seal**

Lahtinen argues the district court erred in denying his motion to seal documents submitted with his Rule 35 motion. Specifically, Lahtinen argues that the district court failed to consider his and the victims' privacy interests because the Rule 35 motion and attached exhibits contained

---

[1]     Including Sexual History Polygraph; IDOC Housing Status; Medical Information Re: Psychiatric Medication Evaluation; IDOC Programming; and Exhibits which contained articles regarding age and recidivism, statistics on similar offenses, and IDOC sentencing data.

highly confidential information. The State argues the district court did not abuse its discretion because the policy behind I.C.A.R. 32(a) and longstanding jurisprudence establish a presumptive right of the public to access court records which promotes governmental accountability.

"[T]he First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw." *Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555, 575-76 (1980). In the context of criminal proceedings, the public has a First Amendment right to know what goes on in its courts. *State v. Clapp*, 168 Idaho 67, 70, 479 P.3d 460, 463 (Ct. App. 2020). Idaho Code § 74-104(1)(b) recognizes that records contained in court files of judicial proceedings may be exempt from disclosure under rules promulgated by the Idaho Supreme Court. The Idaho Supreme Court adopted I.C.A.R. 32 to define when public access to judicial records may be denied. *Doe*, 153 Idaho at 687, 290 P.3d at 1279.

Consistent with the public's constitutional right to know what transpires in criminal proceedings, Rule 32 reflects the policy that the public has a right to access the judicial department's declarations of law and public policy. "Striking a balance between the public's constitutional right to access criminal records and the privacy rights of individuals, Rule 32 exempts disclosure of highly private information such as presentence investigation reports, most unreturned warrants, documents that would identify jurors on a grand jury, and jury questionnaires." *Clapp*, 168 Idaho at 70, 479 P.3d at 463; *State v. Allen*, 156 Idaho 332, 336, 325 P.3d 673, 677 (Ct. App. 2014).

Rule 32(i) permits any interested person to request that the court seal a part of or all of the record in any judicial proceeding. A party seeking to seal the record bears the burden of demonstrating that the party's privacy interest predominates over the public interest in disclosure. *State v. Gurney*, 152 Idaho 502, 504 n.1, 272 P.3d 474, 476 n.1 (2012); *State v. Collins*, 157 Idaho 857, 860, 340 P.3d 1173, 1176 (Ct. App. 2014). When the court is considering whether to seal the record, Rule 32(i) directs the court to consider "the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons." I.C.A.R. 32(i)(3). Under Rule 32(i)(1), records may be sealed or redacted if the court determines and makes a finding of fact as to whether the interest in privacy or public disclosure predominates. If the court seals

the record "to protect predominating privacy interests, it must fashion the least restrictive exception from disclosure consistent with privacy interests." I.C.A.R. 32(i)(l).

Idaho Court Administrative Rule 32(i)(2) lists a number of bases upon which a court considering a motion to seal may find the moving party has a legitimate privacy interest to balance against the public's constitutional rights to access the records. Relevant here, a court may grant a motion to seal if it first makes the determination, in writing, that the records at issue "contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person." I.C.A.R. 32(i)(2)(A).

Lahtinen identified hundreds of pages of exhibits as highly confidential information. Lahtinen argued in his motion to seal the documentation that: "Good cause exists in that the motion and its attached exhibits contain highly confidential information, including Defendant's polygraph report and references to his psychosexual evaluation." On appeal, Lahtinen characterizes the ruling of the district court as focused on whether the information was highly confidential to him, omitting the sensitive nature of the information as to the victims or third parties. Lahtinen asserts the polygraph report, PSI, PSE, and his memorandum recited details relative to the victims. Therefore, the district court did not exercise reason by limiting his consideration of the impact such records had on the victims and their families. In addition, Lahtinen argues the district court did not find that the public disclosure of these documents predominated over Lahtinen and the victims' privacy. He argues that because the district court did not adequately weigh the predominating privacy interests of both Lahtinen as well as the victims and their families, it did not act consistently with the applicable legal standards.

In his motion, Lahtinen referenced the brief he submitted in support of his Rule 35 motion. However, there is no argument in the brief as to the confidential nature of any of the documentation submitted in support. No hearing was conducted on the motion. As a result, the only basis for the motion before the district court was that the documentation, particularly the "polygraph report and references to the psychosexual evaluation," contained "highly confidential" information. Lahtinen did not expressly contend in the motion or memorandum that sealing was necessary to protect the privacy interests of the victim, the uncharged victim, or their families in the district court. In his appellant's brief, other than general reference to the documents, the only such information identified by Lahtinen is "The Rule 35 memorandum attached the polygraph report which includes a precise description of an uncharged incident involving A.L. The memorandum recited detailed

7

findings of the presentence and psychosexual evaluations as well." (Internal citations omitted.) Thus, the only documents at issue are the polygraph report, PSI, and PSE.

The district court determined counsel routinely references information in the PSI during public sentencing and such information post-sentencing is generally accessible by the public, even though the PSI itself is sealed. The district court noted that briefs and documents submitted by counsel prior to sentencing and at sentencing references to the evaluations and the underlying facts of the charge and other relevant conduct are routine and not under seal. Moreover, the public is generally not precluded from such proceedings. The district court stated that "Parties may not make their written arguments exempt simply by what they choose to say in them." The district court noted that, other than the PSI, none of the other documents are automatically exempt under I.C.A.R. 32(g) and many do not contain confidential information.

Lahtinen provides scant, if any, argument that the district court abused its discretion in refusing to seal the documents based on his privacy interests. However, the record citations which he noted in his appellant's brief describe information from the various evaluations conducted. These summaries contain details of the facts of the incidents, disclosure of other uncharged sexual conduct, Lahtinen's history and condition, and argument of counsel related thereto. The information is largely relevant, if at all, to Lahtinen's privacy interests, not those of the victims. The district court understood that Lahtinen was embarrassed about the details of the crime but that is not sufficient under I.C.A.R. 32(i)(2)(A), nor is Lahtinen's confidential information label dispositive. The district court was not persuaded to seal records of Lahtinen's offense, noting he had pled guilty to sexually abusing a child, thus "[h]e may, and should be, embarrassed about the details of that crime."

As to the information specific to the victims, the district court determined that the public interest in disclosure predominated. The information identified in the records by Lahtinen does include descriptions of the sexual conduct, both charged and uncharged. However, the victims are only identified by initials. That the victims are members of Lahtinen's family does not, without more, identify them. As to the intimate details involving the victims, the district court stated:

> Many criminal cases, especially those involving sex crimes, involve public disclosure of highly intimate facts. If a defendant wishes to avail himself of his rights under the Sixth Amendment, accusers must publicly disclose, under oath, intimate details of horrific things that they say happened to them. The courts have never viewed that as a sufficient reason to close courtrooms to the public.

8

Public disclosure of disturbing intimate details is alone insufficient and court records involving sex crimes are not broadly exempt from public disclosure. The district court summarized:

> The Rule also does not provide a mechanism to seal records that contain "highly confidential" information. I.C.A.R[.] 32(i)(2) lists a limited set of circumstances where a Court may seal a document because it contains highly intimate facts or statements the publication of which would be highly objectionable to a reasonable person, are libelous, may result in economic harm or loss if made public, may endanger someone's safety if made public, or are necessary to shield from public view to preserve a defendant's right to a fair trial.

(Footnote omitted.) Lahtinen did not demonstrate what portions of the materials contained highly intimate facts or how the statements would be highly objectionable to a reasonable person. Lahtinen bore the burden of establishing a basis under I.C.A.R. 32 to seal the documents, but has failed to show that his or the victims' privacy interests in the remainder of the record predominates the public's interest in disclosure. Accordingly, the district court did not err in denying Lahtinen's motion to seal.

## IV.

## CONCLUSION

The district court did not abuse its discretion by imposing Lahtinen's sentence. In addition, the district court did not abuse its discretion by denying Lahtinen's I.C.R. 35(b) motion for reduction of sentence or denying Lahtinen's I.C.A.R. 32(i) motion to seal documents. Therefore, Lahtinen's judgment of conviction and the district court's order denying his motion to seal are affirmed.

Judge HUSKEY and Judge Pro Tem MELANSON **CONCUR**.