LANSING, Judge.
John Doe appeals from the district court’s order denying his motion to seal the criminal case file from his 1990 felony conviction for battery with the intent to commit rape. Because we conclude that the district court did not correctly interpret the law governing Doe’s request, we vacate the order and remand for further proceedings.
I.
BACKGROUND
In 1990, Doe was charged with battery with the intent to commit rape, Idaho Code § 18-911, and forcible sexual penetration with a foreign object, I.C. § 18-6608. Pursuant to a plea agreement, he pleaded guilty to the battery charge and the remaining offense was dismissed. The district court imposed a *687 unified sentence of six years, with two years fixed. Doe was paroled in 1994. Upon his release, Doe was required to register as a sex offender but, on his motion, in 2006 the district court released him from registration requirements after finding he was no longer a risk to reoffend.
In 2010, Doe filed a motion for an order sealing his criminal case file, as authorized by Idaho Court Administrative Rule 32(i), on the ground that he had suffered economic harm because of public access to information in that file. He said that some of his current employer’s clients refused to allow him to work on their projects when background checks revealed that he was a convicted felon. Doe also said that he aspired to become a fire marshal in his community, and a background check disclosing his conviction might hinder his ability to obtain that office.
At the conclusion of the hearing on Doe’s motion, which the State expressly did not oppose, the district court orally denied the requested relief, explaining:
I don’t think this rule is calculated to essentially preclude the public from knowing about a previous judgment and commitment that was entered or the crime for which an individual was convicted____ I think the rule relates to individuals other than the defendant in terms of potential, what I’m going to state, would be economic or financial loss or harm. I don’t think it applies to [Doe] as a defendant; i.e., that is, the consequences of having committed a felony may include financial or economic loss.
The court then directed Doe to prepare an order for the court’s signature, and the order drafted by Doe was issued. Doe appeals, contending that the district court abused its discretion when it denied his motion.
II.
ANALYSIS
Decisions of a court to grant or deny a request to seal or redact a judicial record are subject to review for abuse of discretion. State v. Turpen, 147 Idaho 869, 872, 216 P.3d 627, 630 (2009). On review, we ask:
(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.
State v. Watkins, 148 Idaho 418, 421, 224 P.3d 485, 488 (2009); State v. Hedger, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).
Idaho’s public records law provides that “[e]very person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute.” I.C. § 9-338(1). Records within court files of judicial proceedings may be exempted from disclosure, however, pursuant to rules adopted by the Idaho Supreme Court. I.C. § 9-340A. The Court adopted Administrative Rule 32 to define when public access to judicial records may be denied. The rule recognizes the public’s general “right to examine and copy the judicial department’s declarations of law and public policy and to examine and copy the records of all proceedings open to the public,” I.C.A.R. 32(a), but also authorizes a custodian judge to seal or redact judicial records in limited circumstances. The 2010 version of I.C.A.R. 32(i),[1] which applied when Doe filed his motion and the district court acted upon it, provided in part:
Physical and electronic records may be disclosed, or temporarily or permanently sealed or redacted by order of the court on a case-by-case basis. Any interested person or the court on its own motion may move to disclose, redact, seal or unseal a part or all of the records in any judicial proceeding. The custodian judge shall hold a hearing on the motion after the moving party gives notice of the hearing to all parties to the judicial proceeding and any other interested party designated by the custodian judge. In ruling on whether *688 specific records should be disclosed, redacted or sealed by order of the court, the court shall determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates. If the court redacts or seals records to protect predominating privacy interests, it must fashion the least restrictive exception from disclosure consistent with privacy interests. Before a court may enter an order redacting or sealing records, it must also make one or more of the following determinations in writing:
(1) That the documents or materials contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person, or
(2) That the documents or materials contain facts or statements that the court finds might be libelous, or
(3) That the documents or materials contain facts or statements, the dissemination or publication of which would reasonably result in economic or financial loss or harm to a person having an interest in the documents or materials, or compromise the security of personnel, records or public property of or used by the judicial department, or
(4) That the documents or materials contain facts or statements that might threaten or endanger the life or safety of individuals, or
(5) That it is necessary to temporarily seal or redact the documents or materials to preserve the right to a fair trial.
In applying these rules, the court is referred to the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons.
Doe requested that his criminal file be sealed under the authority of subsection (3) on the premise that the file contains information that has resulted and will result in economic or financial loss to him through an adverse effect on his employability.
Doe first argues that a remand for reconsideration of his motion is necessary because the district court failed to recognize that it possessed discretion to grant the requested relief. Doe bases this contention on a portion of the district court’s written order that states:
THE COURT FURTHER FINDS that I.C.A.R. 32(i) does not provide the Court with the authority to seal a criminal case in whole or with the authority to seal the charging documents and/or the judgment of conviction and sentence entered thereon.
Doe also finds fault with the district court’s further statement that:
THE COURT FURTHER FINDS that the provisions of I.C.A.R. 32(i)(3) that speak to sealing a record, “... which would reasonably result in economic or financial loss or harm to a person having an interest in the documents ...” do not apply to a convicted criminal defendant as such harm is the natural consequence of having committed a crime.
Doe asserts that these comments show that the district court erred in its interpretation of the rule by holding that the type of economic harm he asserted as a convicted criminal defendant was not cognizable under the rule. Doe also argues that because the district court found the rule inapplicable to him, it did not comply with the I.C.A.R. 32(i) requirement that “the court shall determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates.”
Preliminarily we must address the State’s assertion that Doe invited the errors he now raises on appeal. The State contends that because Doe, at the district court’s request, drafted the order for the judge’s signature (after the court’s oral ruling), any inaccuracies or omissions therein are at least partly Doe’s fault. The doctrine of invited error estops a party from asserting an error when his or her own conduct induces the commission of the error. State v. Pentico, 151 Idaho 906, 915, 265 P.3d 519, 528 (Ct.App.2011); State v. Atkinson, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct.App.1993). One may not complain of errors one has consented to or acquiesced in. State v. Caudill, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *689 State v. Lee, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct.App.1998). In short, invited errors are not reversible. State v. Gittins, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct.App.1996).
We disagree with the State’s contention that any errors in the written order were invited by Doe. While the order drafted by Doe does not precisely replicate the district court’s ruling at the hearing, its language is substantially consistent with the court’s oral pronouncements. At the hearing, the district court did not make a finding of fact as to whether the interest in privacy or public disclosure predominates, so the omission of such a finding from the written order is no fault of Doe. We therefore hold that Doe’s appellate arguments are not precluded by the doctrine of invited error.
We proceed, then, to examine Doe’s claims of error. He argues that the court erred by holding that as a matter of law I.C.AR. 32(i) does not authorize the sealing of a criminal case file at the request of the convicted defendant who claims that public access to those records is causing or may cause economic harm. When interpreting a rule of our Supreme Court, Idaho courts apply the same standards of construction as are utilized with statutes. Miller v. Haller, 129 Idaho 345, 350, 924 P.2d 607, 612 (1996). “We begin with an examination of the literal words of the rule and give the language its plain, obvious and rational meaning.” Id,.; State v. Trejo, 132 Idaho 872, 878, 979 P.2d 1230, 1236 (Ct.App.1999).
In 2010, Rule 32(i) provided that “any interested person ... may move to disclose, redact, seal or unseal a part or all of the records in any judicial proceeding.” The term “[a]ny interested person” is broad in its sweep and does not exclude an individual convicted in a criminal case. The rule also provided that case records could be sealed if the court found that “the documents or materials contain facts or statements, the dissemination or publication of which would reasonably result in economic or financial loss or harm to a person having an interest in the documents or materials,” see I.C.AR. 32(i)(3), and if the court further found that this privacy interest predominated over the public’s interest in disclosure. Again, the language does not preclude relief to a convicted criminal.
Only two Idaho appellate decisions address the application of I.C.AR. 32(i), and both involve a request to seal a criminal case file. In Turpen, 147 Idaho 869, 216 P.3d 627, a person who had been acquitted of a misdemeanor offense moved to seal his criminal ease file, asserting economic harm similar to that advanced by Doe in this case, but the magistrate denied the motion. Our Supreme Court reversed and remanded because neither the parties nor the tidal court had recognized that the motion was governed by I.C.AR. 32 and therefore the trial court had not applied the standards set out in the rule. In State v. Gurney, 152 Idaho 502, 272 P.3d 474 (2012), the movant had pleaded guilty to a felony but, pursuant to Idaho Code § 19-2604(1), his plea was later set aside and the case dismissed following his exemplary performance in drug court. The movant asserted economic harm similar' to that claimed by Doe. Our Supreme Court held that the district court did not abuse its discretion when it determined that the public’s interest in disclosure of the criminal proceedings predominated over the movant’s privacy interest and that the criminal ease file would not be sealed. Gurney, 152 Idaho at 504-05, 272 P.3d at 476-77. In neither ease did the Supreme Court hold or imply that relief was unavailable under I.C.AR. 32(i)(3), as a matter of law, for a former criminal defendant (convicted or not) who sought the sealing of a criminal case file, or that the type of economic harm asserted was not cognizable under I.C.AR. 32(i)(3).
The State argues, however, that the rule’s inapplicability to the type of economic harm claimed by Doe is made clear by the following sentence from I.C.AR. 32(i): “In applying these rules, the court is referred to the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate or financially sensitive material about persons.” According to the State, the reference to “invasion of pro *690 prietary business records” limits the economic interest protected by the rule to business-related economic loss such as that which could ai’ise from revelation of trade secrets or similar proprietary information. We are unpersuaded. The sentence in question broadly suggests factors for a custodian judge’s consideration. It does not purport to impose a narrow and rigid boundary upon the type of financial loss or economic interest that may be considered by a court on a motion to seal judicial records.[2] We find in that sentence no intent by our Supreme Court that I.C.A.R. 32(i)(3) is to protect only businesses’ economic interests while leaving the personal financial interests of individuals unprotected.
We conclude that Rule 32(i) gives the court discretion to consider the many types of economic or financial loss that may be reasonably asserted as a claimed justification for sealing court records, including financial harm asserted by those convicted of crimes. Therefore, we hold that the district court here misinterpreted the rule and consequently did not recognize that it possessed discretion to order the sealing of a criminal record in this circumstance.
That is not to suggest, however, that the motion must be granted here or in any similar case. On remand, the district court will have broad discretion to determine whether Doe’s claim of economic harm is so compelling as to outweigh the overarching public interest in disclosure. Because the public interest in access to criminal court records is obviously weighty, we surmise it would be an exceptional circumstance where a custodian judge would find that interest exceeded by a convicted person’s assertion of economic harm flowing from the conviction. But this surmise is not a substitute for the custodian judge’s proper application of the rule by making the required finding as to whether the movant’s interest in privacy or the public interest in disclosure predominates.
Therefore, the district court’s order is vacated and this case is remanded for further consideration of Doe’s motion in accordance with this opinion.
Judge MELANSON concurs.

. The rule has since been amended in 2011 and 2012.

. We note that the district court that denied a defendant’s motion for sealing a criminal case file in Gurney apparently took the position that is argued by the State here. According to the Gurney opinion:
The district court reasoned that the "economic or financial loss or harm” contemplated by the rule was related to the "traditional legal concepts in the law of ... invasion of proprietary business records.” The district court held that Gurney’s harm is distinguishable from the type of harm contemplated by the Rule and, in any case, was predominated by the public interest in disclosure as stated in I.C.A.R. 32(a).
Gurney, 152 Idaho at 505, 272 P.3d at 477. Thus, the district court there expressed alternative bases for its decision — that the claimed harm was not covered by the rule and, even if it was, the claimed harm was outweighed by the public interest. The Idaho Supreme Court neither expressly endorsed nor expressly rejected the first alternative basis, but held that the court "complied with the requirement of the rule by issuing a finding of fact that 'the public’s right to know predominates over Mr. Gurney’s desire to seal his records,’ ” id., and the Supreme Court held that this constituted a proper exercise of the district court's discretion.