**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41462**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Opinion No. 108** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 19, 2014** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JONATHAN A. COLLINS,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying motion to seal court record, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Jonathan A. Collins appeals from the order of the district court denying Collins' motion to seal his court record. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

Collins was charged by criminal complaint with lewd conduct with a minor child under sixteen after a three-year-old child allegedly told her mother that Collins touched her inappropriately. After Collins waived a preliminary hearing, an information was filed alleging lewd conduct with a minor child under sixteen. Collins subsequently moved to suppress statements made by him, including statements during a police interview, alleging that the statements were coerced and made in violation of *Miranda*.[1] Prior to a hearing on the motion to

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

1

suppress, Collins filed a notice of intent to use evidence that would be subject to Idaho Rule of Evidence 404(b). Specifically, the Rule 404(b) evidence was that the child's mother had made a false statement after she committed the offenses of driving under the influence and leaving the scene of an accident. More importantly, there was also evidence that the mother had filed a false police report, claiming she had been kidnapped and raped. A day before the hearing on the motion to suppress, the State filed a motion to dismiss because, "In the interest of justice, the State no longer wishes to proceed with this matter." The court entered an order dismissing the charge.

More than eighteen months after the lewd conduct charge was dismissed, Collins filed a motion to seal the court record. *See* Idaho Court Administrative Rule 32(i) (providing authority for a court to seal a record). Collins averred that he had been denied employment on two occasions due to public access to the case, that he feared parolees and probationers with whom he attended meetings could harm him if they discovered the charge, and that the court record contained statements that may be libelous. The district court conducted a hearing at which Collins rested on his brief and the State deferred to the court. After stating that it was a "very, very close call," the court found that the public interest in disclosure outweighed Collins' interests in having the court record sealed. However, the court noted that it would reconsider its ruling if Collins could show evidence that the prosecution had filed the charge in bad faith or for an improper purpose, or that probable cause did not exist at the time the charge was filed. The court subsequently entered an order summarizing its discussion at the hearing and denying the motion to seal. Collins appeals from this order.

## II.

## ANALYSIS

Under Idaho's public records law, "[e]very person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute." Idaho Code § 9-338(1). However, section 9-340A(2) recognizes that records contained in court files of judicial proceedings may be exempted from disclosure, under rules promulgated by the Idaho Supreme Court. Thus, the Idaho Supreme Court adopted Idaho Court Administrative Rule 32 to define when public access to judicial records may be denied. *Doe v. State*, 153 Idaho

685, 687, 290 P.3d 1277, 1279 (Ct. App. 2012). This Court recently explained the policy behind Rule 32:

> Rule 32 reflects the recognized policy that "the public has a right to examine and copy the judicial department's declarations of law and public policy and to examine and copy the records of all proceedings open to the public" consistent with the public's constitutional right to know what transpires in criminal proceedings. Indeed, as explained by the United States Supreme Court, "[T]he First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575-56 (1980) (quoting *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 783 (1978)). In the context of criminal proceedings, the public has a right, protected by the First Amendment, to know what goes on in its courts. *Richmond Newspapers*, 448 U.S. at 576.
>
> Striking a balance between the public's constitutional right to access criminal records and the privacy rights of individuals, Rule 32 exempts from disclosure highly private information such as presentence investigations reports, most unreturned warrants, documents that would identify jurors on a Grand Jury, and jury questionnaires.

*State v. Allen*, 156 Idaho 332, 336, 325 P.3d 673, 677 (Ct. App. 2014).

Under Rule 32(i), any interested person may move the court to seal a part of or all of the record in any judicial proceeding. Rule 32(i) requires that the court conduct a hearing on the motion. In ruling upon the motion, the court must "determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates." I.C.A.R. 32(i). A party seeking to seal the record bears the burden of demonstrating that the party's privacy interest predominates over the public interest in disclosure. *See State v. Gurney*, 152 Idaho 502, 504 n.1, 272 P.3d 474, 476 n.1 (2012). For the court to seal the court record, the court must first make one or more of the following determinations in writing:

> (1) That the documents or materials contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person, or
> (2) That the documents or materials contain facts or statements that the court finds might be libelous, or
> (3) That the documents or materials contain facts or statements, the dissemination or publication of which may compromise the financial security of, or could reasonably result in economic or financial loss or harm to, a person having an interest in the documents or materials, or compromise the security of personnel, records or public property of or used by the judicial department, or
> (4) That the documents or materials contain facts or statements that might threaten or endanger the life or safety of individuals, or

(5) That it is necessary to temporarily seal or redact the documents or materials to preserve the right to a fair trial.

I.C.A.R. 32(i). When the court is considering whether to seal the record, Rule 32(i) directs the court to consider "the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons." *Id.* If the court seals the record, "it must fashion the least restrictive exception from disclosure consistent with privacy interests." *Id.*

We review the district court's decision to grant or deny relief under Rule 32(i) for an abuse of discretion. *Gurney*, 152 Idaho at 503, 272 P.3d at 475; *Allen*, 156 Idaho at 336, 325 P.3d at 677. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Gurney*, 152 Idaho at 503, 272 P.3d at 475; *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

On appeal, Collins argues that the district court abused its discretion by denying his motion to seal because it did not act consistently with the applicable legal standards. Specifically, Collins contends that the district court did not consider that the documents or material in Collins' court record contain facts or statements that might be libelous. Collins also asserts that the court did not adequately consider the financial loss suffered by him. Finally, Collins argues that the district court did not adequately consider that public access to the court record may threaten his safety. We address these in turn.

## A.    Libelous Statements

Collins contends that the district court did not consider that the documents or materials in Collins' court record contain facts or statements that might be libelous. *See* I.C.A.R. 32(i)(2). Specifically, Collins asserts that the child's mother had a history of lying to police and her history "indicates that she was also lying about Collins' alleged lewd conduct." The State argues that the district court did not abuse its discretion because even if the mother lied before, it does not mean that she lied about this charge. In addition, the State refers this Court to statements

4

Collins made during a police interview in which he acknowledged touching the child's genitalia, over the child's clothing.

During a recorded police interview, Collins acknowledged touching the child's genitalia, over the child's clothing, for a second. Collins even demonstrated on a doll how he touched the child, and he stated that after he touched the child, he thought to himself, "Oh sh*t, that shouldn't have happened." The recorded police interview was included on a DVD that was attached to Collins' memorandum in support of his motion to suppress or dismiss. However, the motion to suppress or dismiss argued that the statements were coerced, not consensual, and made in violation of *Miranda*. Although a hearing was scheduled on this motion, the hearing never occurred because the State moved to dismiss the case prior to the hearing.

In considering a party's privacy interest and comparing it to the public's interest in disclosure, and determining whether to seal the record, the court considering the motion to seal must examine the court record in conjunction with the motion and any argument or evidence presented at the hearing. Because Collins specifically moved the court to seal the record while contending that the record contained libelous statements, the entire record is relevant to considering whether the statements are libelous. In this case, Collins' statements during the police interview, which are a part of the court record, acknowledging that he inappropriately touched the child indicate that the record does not contain libelous statements from the mother. Because Collins has not shown that there is any libelous information in his court record, we cannot say that the district court abused its discretion in considering Collins' argument about the court record containing libelous statements. *See Allen*, 156 Idaho at 337, 325 P.3d at 678 (concluding that the district court did not abuse its discretion by denying Allen's motion to seal his court record because he "failed to show, either to the district court or on this appeal, that there is any libelous information in his criminal file").

**B.    Financial Loss**

Collins also asserts that the court did not adequately consider the financial loss suffered by him. In his motion, Collins asserted that two prospective employers had denied him employment because of "his association" with this case "due to public access to this case on the repository." *See* I.C.A.R. 32(i)(3). Because of this financial loss, Collins contends on appeal that the court should have sealed the record. The State argues that the court did not abuse its

discretion, contending that Collins has simply asserted that the district court did not give his financial loss argument the weight Collins' desires.

Relevant to this issue, two facts weigh in favor of Collins' privacy interest. Unlike other Rule 32(i) appeals that have arisen with claims that the party's financial loss should be considered, this case does not involve a conviction, but involves a dismissal of the charge prior to trial. In addition, Collins alleged that his financial loss was due to the public access to the repository data, implying that if the record was sealed (and thus no longer available in the repository) he would not have been denied employment. The dismissal and Collins' assertion of financial loss weigh in favor of his privacy interest. *Compare Doe*, 153 Idaho at 690, 290 P.3d at 1282 (recognizing that Doe's claim of financial loss--that his current employer's clients refused to allow him to work on their projects when background checks revealed that he was a convicted felon--should have been considered by the district court and weighed against the public interest in disclosure), *with Allen*, 156 Idaho at 337, 325 P.3d at 678 (addressing Allen's claim that his felony conviction made it more difficult for him to obtain employment and concluding that Allen "did not, however, explain how the sealing of his record would make any difference").

Even though Collins asserted facts that weigh in favor of his privacy interest, one other significant fact weighs against Collins' privacy interest and weighs in favor of the public's interest in disclosure. This is the fact that Collins acknowledged during the police interview that he had inappropriately touched the child. With this fact, we are persuaded that the district court adequately considered and weighed Collins' privacy interest while accounting for the financial loss suffered by Collins, as compared to the public interest in disclosure.

## C. Safety

Finally, Collins argues that the district court did not adequately consider that public access to the court record may threaten his safety. *See* I.C.A.R. 32(i)(4). Specifically, Collins asserted in his motion that he "regularly attends Alcoholics Anonymous with parolees and probationers who[m], he fears, could harm him if they were to discover he had once been charged with a sex offense." The State argues that the district court did not abuse its discretion by denying the motion to seal, because Collins' assertion is mere speculation and because the district court adequately considered Collins' privacy interest.

Collins did not provide evidence of or assert that he had actually suffered harm as a result of the court record nor demonstrate a credible threat to his safety due to the court record. Rather,

6

Collins only speculated on what *may* happen to him, without any basis in fact. This argument is too speculative to warrant any relief under Rule 32(i). Moreover, even if the argument were to weigh in favor of Collins' privacy interest, this privacy interest is outweighed by the public interest in disclosure due to Collins' statements acknowledging that he inappropriately touched the child. Therefore, we cannot say that the district court abused its discretion in considering Collins' argument concerning his safety.

## III.

## CONCLUSION

The district court did not abuse its discretion by denying Collins' motion to seal the court record. Accordingly, we affirm the order denying Collins' motion to seal the court record.

Judge LANSING and Judge MELANSON, **CONCUR**.