**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47336**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 17, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHARLES F. DINEGAR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Susan E. Wiebe, District Judge.

Order denying I.C.A.R. 32(i) motion, <u>affirmed</u>.

Lovan, Roker & Rounds, P.C.; Matthew J. Roker, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Charles F. Dinegar appeals from the district court's order denying his Idaho Court Administrative Rule 32(i) motion. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Dinegar was indicted by a grand jury for felony injury to a child, Idaho Code § 18-1501(1). The indictment arose after a six-year-old child and his mother were visiting Dinegar's home. While the child's mother and Dinegar were outside the home, the child entered the residence, found a loaded weapon on a shelf in Dinegar's room, and fatally shot himself. Dinegar filed a motion to dismiss the indictment. The district court concluded that the indictment was not supported by probable cause. Thus, the court granted Dinegar's motion and dismissed the charge without prejudice.

1

After dismissing the charge, the district court entered an order sealing portions of the criminal record which read as follows:

> In an exercise of discretion, the Court finds that the interest in privacy dominates and orders that its Order on Defendant's Motion to Dismiss Indictment, affidavits in support thereof, attached documents and exhibits, and related motions and objections be sealed until the statute of limitations has run under I.C. § 19-402 to prevent potential harm and to preserve the right to a fair trial.[1]

Thereafter, Dinegar moved the district court to seal the "entire" criminal record. The district court held a hearing to address Dinegar's motion. At the hearing, the district court concluded that Dinegar had not met the criteria to seal the remaining portions of the record. Accordingly, the district court denied Dinegar's motion to seal. Dinegar timely appeals.

## II.

## STANDARD OF REVIEW

The decision by a district court to grant or deny relief under I.C.A.R. 32(i) is reviewed for an abuse of discretion. *State v. Turpen*, 147 Idaho 869, 872, 216 P.3d 627, 630 (2009); *Doe v. State*, 153 Idaho 685, 687, 290 P.3d 1277, 1279 (Ct. App. 2012). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Dinegar argues that the district court erred in denying his I.C.A.R. 32(i) motion. Under Idaho's public records law, "[e]very person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute." I.C. § 74-102(1). However, I.C. § 74-104(2) recognizes that records contained in court files of judicial proceedings may be exempted from disclosure under rules promulgated by the Idaho Supreme Court. Thus, the Idaho Supreme Court adopted I.C.A.R. 32 to define when public access to

---

[1] It appears from the record submitted on appeal that the district court entered this order sua sponte.

2

judicial records may be denied. *Doe v. State*, 153 Idaho 685, 687, 290 P.3d 1277, 1279 (Ct. App. 2012).

Rule 32 reflects the recognized policy that "the public has a right to access the judicial department's declarations of law and public policy and to access the records of all proceedings open to the public" consistent with the public's constitutional right to know what transpires in criminal proceedings. Indeed, as explained by the United States Supreme Court, "[T]he First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575-76 (1980). In the context of criminal proceedings, the public has a right, protected by the First Amendment, to know what goes on in its courts. *Id*. at 576. Striking a balance between the public's constitutional right to access criminal records and the privacy rights of individuals, Rule 32 exempts disclosure of highly private information such as presentence investigations reports, most unreturned warrants, documents that would identify jurors on a grand jury, and jury questionnaires. *State v. Allen*, 156 Idaho 332, 336, 325 P.3d 673, 677 (Ct. App. 2014).

Under Rule 32(i), any interested person may move the court to seal a part of or all of the record in any judicial proceeding. Rule 32(i) requires that the court conduct a hearing on the motion. In ruling on the motion, the court must "determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates." I.C.A.R. 32(i). A party seeking to seal the record bears the burden of demonstrating that the party's privacy interest predominates over the public interest in disclosure. *State v. Gurney*, 152 Idaho 502, 504 n.1, 272 P.3d 474, 476 n.1 (2012); *State v. Collins*, 157 Idaho 857, 860, 340 P.3d 1173, 1176 (Ct. App. 2014). Before sealing the court record, I.C.A.R. 32(i)(2) requires that the court must first make one or more of the following determinations in writing:

> (A)    That the documents or materials contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person, or
> (B)    That the documents or materials contain facts or statements that the court finds might be libelous, or
> (C)    That the documents or materials contain facts or statements, the dissemination or publication of which may compromise the financial security of, or could reasonably result in economic or financial loss or harm to, a person having an interest in the documents or materials, or compromise the security of personnel, records or public property of or used by the judicial department, or

3

   (D) That the documents or materials contain facts or statements that might threaten or endanger the life or safety of individuals, or

   (E) That it is necessary to temporarily seal or redact the documents or materials to preserve the right to a fair trial . . . .

When the court is considering whether to seal the record, Rule 32(i) directs the court to consider "the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons." I.C.A.R. 32(i)(3). If the court seals the record, "it must fashion the least restrictive exception from disclosure consistent with privacy interests." I.C.A.R. 32(i)(1).

  In this case, Dinegar argued below that the criminal record associated with his dismissed felony injury to a child charge should be sealed pursuant to I.C.A.R. 32(i)(2)(A) because it contains "highly intimate statements that would be highly objectionable to a reasonable person." At the hearing on the motion, Dinegar contended that sealing was appropriate under I.C.A.R. 32(i)(2)(A) because (1) he gets "comments from individuals who go on [I-Courts] and review that and want to discuss [it]" with Dinegar, and (2) he has a concern "with regard to employment." In addition, Dinegar contends that his interest in privacy outweighed the public's interest because the criminal case was dismissed because of lack of probable cause.

  On appeal, Dinegar argues that the district court did not properly consider the fact that Dinegar's indictment was dismissed for lack of probable cause when it denied his motion to seal. In addition, Dinegar claims that, because the charge was felony injury to a child, the record contains statements that would be highly objectionable to a reasonable person. In response, the State argues that the district court correctly denied Dinegar's motion because he did not meet his burden to show that sealing the entire criminal record was appropriate. In support of its argument, the State contends that Dinegar did not meet his burden because he "submitted no affidavits, no testimony, and no other evidence; and made no representations of specific consequences caused or expected to be caused by the disclosure." The State continues, "[f]urther while Dinegar invoked the 'offense to a reasonable person' language of I.C.A.R. 32(i)(2)(A), he did not make any particular argument or representation about any specific portion of the record he sought to seal that allegedly contained such facts or statements that would fit this criteria." We agree with the State.

4

We conclude that the district court did not abuse its discretion by denying Dinegar's motion to seal the entire criminal case record associated with his dismissed indictment. First, the district court had already sealed most of the record. In fact, at the hearing, the district court stated:

> We have sealed everything that has any kind of factual allegations other than the indictment, and I don't find that the indictment contains highly intimate facts or statements. It's an allegation.
> This case also shows that the charge was dismissed. So if they review the case, they see it was dismissed.

Second, Dinegar has a burden to show that his privacy interest in the remainder of the record predominates the public's interest in disclosure. He failed to carry his burden. Dinegar argues that his privacy interest is greater than the public's interest in disclosure solely because the crime charged was felony injury to a child and it was dismissed for lack of probable cause. Dinegar did not argue what portions of the remaining record contained highly intimate statements or how these statements would be highly objectionable to a reasonable person. In response to the State pointing this out in its respondent's brief, Dinegar contends that he did not have to provide any evidence to the district court because the court already had the record before it and "the nature of the particular charge against a person who is not alleged to be a public figure coupled with the fact the charge was dismissed for lack of probable cause are the overriding factors that evidence the necessity of sealing the entire record."

Dinegar's attempt to point to the nature of the charge and the fact that it was dismissed for lack of probable cause is insufficient. This is especially true in light of the fact that a majority of the record was already sealed. While we recognize that the public interest in a case dismissed without probable cause may be lower than other court proceedings, Dinegar did not overcome the presumption in favor of public disclosure simply by pointing out the type of charge and the reason for dismissal. In addition, Dinegar failed to provide any argument or evidence to meet the requirements of I.C.A.R. 32(i)(2)(A). Dinegar failed to make a cogent argument as to why the public's First Amendment right to know what goes on in its courts should yield any further to his privacy interest. *Richmond Newspapers, Inc.*, 448 U.S. at 575-76. Thus, the district court correctly determined that Dinegar's privacy interests in sealing the remaining portions of the record did not predominate over the public's interest in disclosure under Rule 32(i). Dinegar simply asks this Court to second-guess the district court's decision rather

5

than showing an abuse of discretion, which we decline to do.  Accordingly, the district court did not err in denying Dinegar's motion.

## IV.

## CONCLUSION

Dinegar failed to show that the district court abused its discretion in denying his I.C.A.R. 32(i) motion.  Therefore, the district court's order denying Dinegar's motion to seal is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.