**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47446**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: December 14, 2020** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| TYLER SHAWN CLAPP, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Order denying I.C.A.R. 32(i) motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Tyler Shawn Clapp appeals from the district court's order denying his motion to seal a record related to a criminal matter. Clapp argues that the district court abused its discretion by denying his motion. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2002, the State charged Clapp with driving under the influence, driving with a suspended license, and encouraging a minor to come within the purview of the Juvenile Corrections Act by providing the minor alcohol.[1] Ultimately, the State dismissed the charges. In 2019, Clapp filed

---

[1] Upon Clapp's motion, this case was consolidated with a case in which the State alleged that Clapp committed numerous probation violations for a separate offense (probation case). Clapp admitted to violating the terms of probation and the State dismissed the charges in this case.

1

an Idaho Court Administrative Rule 32(i) motion to seal and expunge the criminal record. The motion read in full as follows:

> Comes now, the Defendant under the above mentioned rule subsection (i)(2)(C) on the grounds that the Defendant likely would suffer compromised financial security, economic or financial loss if the information is disseminated or published. The Defendant may be denied employment based on information in the file.
> A file this age may contain personal data identifiers described in (i)(2)(F); and would expose the Defendant to potential identity theft if released. Also this case was dismissed by this Court, and the Defendant is presumed innocent.

Clapp neither requested a hearing nor noticed his motion for hearing.

The district court denied Clapp's motion in a written order holding, as an initial matter, that the court was not required to hold a hearing under I.C.A.R. 32 because Clapp did not request or notice a hearing. In addition, the district court held that Clapp's motion failed on the merits because the public interest in disclosure predominated over the privacy interest raised by Clapp.[2] Clapp timely appeals.

## II.

## STANDARD OF REVIEW

The decision by a district court to grant or deny relief under I.C.A.R. 32(i) is reviewed for an abuse of discretion. *State v. Turpen*, 147 Idaho 869, 872, 216 P.3d 627, 630 (2009); *Doe v. State*, 153 Idaho 685, 687, 290 P.3d 1277, 1279 (Ct. App. 2012). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Clapp argues that the district court abused its discretion by denying his motion to seal the criminal record. Under Idaho's public records law, "[e]very person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by

---

[2] Clapp also filed a motion for reconsideration which the district court denied.

statute." Idaho Code § 74-102(1). However, I.C. § 74-104(2) recognizes that records contained in court files of judicial proceedings may be exempted from disclosure under rules promulgated by the Idaho Supreme Court. Thus, the Idaho Supreme Court adopted I.C.A.R. 32 to define when public access to judicial records may be denied. *Doe*, 153 Idaho at 687, 290 P.3d at 1279.

Rule 32 reflects the recognized policy that "the public has a right to access the judicial department's declarations of law and public policy, and to access the records of all proceedings open to the public" consistent with the public's constitutional right to know what transpires in criminal proceedings. Indeed, as explained by the United States Supreme Court, "[T]he First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw." *Richmond Newspapers*, *Inc. v. Virginia*, 448 U.S. 555, 575-76 (1980). In the context of criminal proceedings, the public has a right, protected by the First Amendment, to know what goes on in its courts. *Id*. at 576. Striking a balance between the public's constitutional right to access criminal records and the privacy rights of individuals, Rule 32 exempts disclosure of highly private information such as presentence investigation reports, most unreturned warrants, documents that would identify jurors on a grand jury, and jury questionnaires. *State v. Allen*, 156 Idaho 332, 336, 325 P.3d 673, 677 (Ct. App. 2014).

Under Rule 32(i), any interested person may move the court to seal a part of or all of the record in any judicial proceeding. In ruling on the motion, the court must "determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates." I.C.A.R. 32(i)(1). A party seeking to seal the record bears the burden of demonstrating that the party's privacy interest predominates over the public interest in disclosure. *State v. Gurney*, 152 Idaho 502, 504 n.1, 272 P.3d 474, 476 n.1 (2012); *State v. Collins*, 157 Idaho 857, 860, 340 P.3d 1173, 1176 (Ct. App. 2014). Before sealing the court record, I.C.A.R. 32(i)(2) requires that the court must first make one or more of the following determinations in writing:

> (A) That the documents or materials contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person, or
> (B) That the documents or materials contain facts or statements that the court finds might be libelous, or
> (C) That the documents or materials contain facts or statements, the dissemination or publication of which may compromise the financial security of, or could reasonably result in economic or financial loss or harm to a person having an

3

interest in the documents or materials, or compromise the security of personnel, records or public property of or used by the judicial department, or

(D) That the documents or materials contain facts or statements that might threaten or endanger the life or safety of individuals, or

(E) That it is necessary to temporarily seal or redact the documents or materials to preserve the right to a fair trial . . . .

When the court is considering whether to seal the record, Rule 32(i) directs the court to consider "the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons." I.C.A.R. 32(i)(3). If the court seals the record, "it must fashion the least restrictive exception from disclosure consistent with privacy interests." I.C.A.R. 32(i)(1).

On appeal, Clapp contends that the district court erred (1) procedurally by failing to hold a hearing on Clapp's motion to seal, and (2) substantively by finding that the public's interest in disclosing the record of Clapp's dismissed charges outweighed Clapp's privacy interest. We will address each of Clapp's contentions in turn below.

## A.    Hearing on the Motion

Clapp argues that, based on the language of I.C.A.R. 32(i) and controlling case law, it is mandatory that the district court hold a hearing on a motion to seal a record. Clapp contends that the district court's failure to hold a hearing before denying the I.C.A.R. 32(i) motion in this case amounted to an abuse of discretion. In response, the State argues that the court was not required to hold a hearing on Clapp's motion because it was not requested or noticed and any error in failing to hold a hearing was harmless.

Idaho Court Administrative Rule 32(i) states, in relevant part:

(i) Other Prohibitions or Limitations on Disclosure and Motions Regarding the Sealing of Records. Physical and electronic records, may be disclosed, or temporarily or permanently sealed or redacted by order of the court on a case-by-case basis.
(1) Any person or the court on its own motion may move to disclose, redact, seal or unseal a part or all of the records in any judicial proceeding. The court shall hold a hearing on the motion after the moving party gives notice of the hearing to all parties to the judicial proceeding . . . .

The district court held:

Initially, the Court notes that Defendant has not requested a hearing, and based upon the Court's reading of Rule 32(i), a hearing is only required when the moving party requests one. Defendant has been heard and the State has been given an opportunity to respond, but (so far) has opted not to do so. Accordingly, the Court sees no reason to delay ruling on the Motion to Seal.

4

On appeal, Clapp points to the language of the Rule and argues:

> Contrary to the district court's interpretation of this language, a hearing on the motion is *mandatory*, as indicated by the phrase "shall hold a hearing." The phrase "*after* the moving party gives notice to all parties," means that the hearing cannot be held *until* the movant gives notice to all parties. However, the Rule does *not* say or mean that a hearing shall be held only "if" the movant *requests* a hearing and then gives notice to all parties.[3]

In response, the State argues that the district court did not err because "[t]he rule unambiguously requires a hearing only '*after the moving party gives notice of the hearing to all parties*.'" We agree with the State.

We conclude that the district court did not err by failing to hold a hearing on Clapp's motion when it was neither requested nor noticed for hearing. While we agree with Clapp's general contention, and the case law that he cites to support it, that the district court is required to hold a hearing on a party's I.C.A.R. 32(i) motion that is not the issue before the court.[4] Rather, we must determine whether the district court erred by failing to hold a hearing on the I.C.A.R. 32(i) motion when the party who filed the motion did not request a hearing or, as stated in the Rule "notice" the motion for a hearing.

First, we will look to the language of the Rule. "Interpreting court rules is somewhat like analyzing statutes. 'We begin with an examination of the literal words of the rule and give the language its plain, obvious and rational meaning.'" *See Kelly v. Kelly*, 165 Idaho 716, 724, 451 P.3d 429, 437 (2019). The plain language of I.C.A.R. 32(i)(1) states that the district court "shall" hold a hearing "after the moving party gives notice to all parties." Thus, as the State points out, a hearing is required, only after the moving party gives notice of the hearing to all parties. In this case, Clapp did not notice the motion for a hearing. Consequently, the district court denied the

---

[3]     In addition, Clapp argues that his "motion to seal, especially when read together with his motion for reconsideration and its attachment, contains sufficient factual allegations to bring his motion within the purview of the statute, entitling him to a hearing." However, Clapp appeals from the district court's order on his I.C.A.R. 32(i) motion. We will not consider the substance of Clapp's motion for reconsideration because the district court's determination on that motion is not before this Court on appeal.

[4]     Clapp cites to *State v. Abramowski*, 164 Idaho 857, 436 P.3d 678 (2019), and *State v. Turpen*, 147 Idaho 869, 216 P.3d 627 (2009), and argues that, based on those cases and the language of the Rule, a hearing on Clapp's I.C.A.R. 32(i) motion was "mandatory." As discussed above, although we agree with that contention, those cases did not address the issue presented here.

motion based on the argument presented within the motion. The district court did not err by doing so because the plain language of the rule requires a hearing only after such notice has been given.

Second, the Fourth Judicial District's local rules specify that "[t]o schedule or re-schedule any court hearing or proceeding, the moving party must contact the judge's clerk to arrange a time certain." Idaho 4th Jud. Dist. Rule 2. Thus, if Clapp sought to have a hearing on his motion, it was Clapp's obligation to schedule a hearing under the local rules and he failed to do so. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009) (concluding that attorneys are expected to know the rules of the forum, and pro se litigants are not afforded a more lenient standard); *see also Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 327, 297 P.3d 1134, 1144 (2013) ("under the local rules of the Fourth Judicial District, parties are required to schedule motion hearings with the clerk of the presiding judge"). The district court did not err by denying Clapp's motion without a hearing.

**B.      Denial of Clapp's Motion**

Next, Clapp argues that the district court abused its discretion by denying his motion to seal the record on its merits. As set forth above, Clapp argued to the trial court that sealing the record was appropriate under I.C.A.R. 32(i)(2) because Clapp:

> likely would suffer compromised financial security, economic or financial loss if the information is disseminated or published. The Defendant may be denied employment based on information in the file.
>
> A file this age may contain personal data identifiers described in (i)(2)(F); and would expose the Defendant to potential identity theft if released. Also this case was dismissed by this Court, and the Defendant is presumed innocent.

In assessing Clapp's motion on its merits, the district court concluded, in part, that:

> [the] Defendant has provided no argument explaining why his privacy interest outweighs the public interest in disclosure of the record, which is presumed to predominate under Idaho law absent particular findings by the trial court.
> . . . .
> The Court does not find that Defendant has set forth sufficiently specific facts regarding the economic harm that Defendant faces with regard to a case which was dismissed, above and beyond the normal consequences of having a prior criminal record. . . . In addition, Defendant asserted the file "may contain personal data identifiers"; however, he has failed to identify any portion of the records containing any impermissible data identifiers. . . .
> The Court also finds the public interest in disclosure significantly outweighs Defendant's generic economic interest in concealing the record of this case from the view of the public. . . . In this case, the record reflects that the Information was dismissed as part of a global resolution to another case in which Defendant admitted to committing probation violations. The Court perceives that future employers

6

have a strong and legitimate interest in having access to public records pertaining to an applicant's criminal background, which in this case outweighs Defendant's financial motive favoring sequestration of his record.

On appeal, Clapp does not challenge the district court's determination that Clapp failed to show that the record should be sealed on the basis that Clapp could be denied employment or the criminal record contains personal data identifiers. Rather, Clapp relies solely on the argument that the district court erred by denying his motion to seal because Clapp's charges were dismissed. Clapp contends that the process that the district court engaged in to arrive at its decision demonstrates a failure to exercise reason because: (1) the court did not consider the individual facts of Clapp's case and failed to give adequate consideration to the fact that Clapp's charges were dismissed; (2) the district court's finding that the public's interest in disclosing the record predominates over Clapp's interest conflicts with the public policy expressed in I.C. § 67-3004(10); and (3) the court incorrectly presumed that Clapp's charges were dismissed in association with a plea agreement in the probation case. In response, the State argues that the district court acted well within its discretion when it evaluated the merits and denied Clapp's motion to seal the record. We agree with the State.

We conclude that the district court did not abuse its discretion by denying Clapp's motion to seal the entire record associated with his dismissed charges. Clapp has the burden to show that his privacy interest in the record predominates the public's interest in disclosure. *Collins*, 157 Idaho at 860, 340 P.3d at 1176. Clapp challenges the district court's determination on the basis that Clapp's charges were dismissed.[5] However, Clapp failed to provide any argument or evidence to meet I.C.A.R. 32(i)(2)'s requirements. In addition, as the district court concluded, Clapp did not present any argument explaining why his privacy interest outweighs the public interest in disclosure of the record. Consequently, Clapp failed to carry his burden. *Gurney*, 152 Idaho at 504 n.1, 272 P.3d at 476 n.1 (concluding that a party seeking to seal the record bears the burden of demonstrating that the party's privacy interest predominates over the public interest in disclosure). On appeal, Clapp presents a conclusory argument that his privacy interest is greater than the public's interest in disclosure solely because the crimes charged were dismissed without

---

[5]     As set forth above, Clapp does not contest the district court's determination that Clapp failed to show that the record should be sealed on the bases that Clapp could be denied employment or the criminal record contains personal data identifiers. Thus, we will not address these unchallenged bases of denial.

admission of guilt or wrongdoing. Clapp's attempt, on appeal, to point to and elaborate on the fact that his charges were dismissed is insufficient to establish an adequate showing under I.C.A.R. 32(i)(2). *Gurney*, 152 Idaho at 504 n.1, 272 P.3d at 476 n.1.

As set forth above, Clapp argues that the district court did not consider the case-specific facts of Clapp's motion, and did not give adequate consideration to the fact that Clapp is presumptively innocent. We disagree. Contrary to Clapp's contention, the district court expressly considered Clapp's specific claim and the fact that Clapp's charges were dismissed. Nonetheless, the district court correctly concluded that Clapp failed to meet his burden. In addition, Clapp cites to the recent amendment of I.C. § 67-3004(10) and argues, based on that statute's amendment allowing for expungement of a criminal record where the defendant's charges were dismissed with no plea or finding of guilt, it is clear that "the Idaho Legislature has declared the public policy of this State is to allow for the expungement of criminal records in dismissed cases, like Mr. Clapp's . . . ." Clapp argues that based on the Legislature's declared public policy in I.C. § 67-3004(10), "there can be no 'legitimate' public interest in allowing employers to discriminate on the basis of dismissed criminal charges that were never proved" and the district court acted arbitrarily in concluding otherwise when it ruled on Clapp's I.C.A.R. 32(i) motion here.

We are not persuaded by Clapp's argument. First, Clapp did not preserve this argument for appeal. Within a footnote in his appellate brief, Clapp argues that his citation to I.C. § 67-3004(10) is preserved for appeal because it supports his contention below that his privacy interest outweighs the public's interest in disclosure. However, the district court correctly concluded that Clapp "provided no argument [below] explaining why his privacy interest outweighs the public interest in disclosure of the record." Additionally, Clapp did not mention the statute, much less raise a public policy argument below. Clapp simply cannot claim that the district court failed to exercise reason by virtue of not considering a policy argument and statute not cited to the district court. Consequently, Clapp has not preserved the argument that he presents on appeal as it relates to I.C. § 67-3004(10). *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (concluding issues not raised below generally may not be considered for the first time on appeal). Second, and notwithstanding the fact that Clapp's argument is not preserved, the public policy reflected in I.C. § 67-3004(10)'s amendment is wholly unrelated to Clapp's I.C.A.R. 32(i) motion. Clapp's argument in regard to I.C. § 67-3004(10) does not support Clapp's position that the district court erred by denying his I.C.A.R. 32(i) motion to seal his record. Although Clapp may have a viable

8

opportunity to seal his record under a separate statute, Clapp has failed to carry his burden to seal the record under I.C.A.R. 32(i).

Finally, Clapp takes issue with the district court's statement that the charges were dismissed in conjunction with his guilty plea in the probation case. Clapp argues that his charges were not dismissed as the result of a plea agreement with the State relating to the probation case and Clapp did not admit wrongdoing for the dismissed charges. Clapp contends that the State dismissed his charges after he responded to discovery requests and disclosed an audio recording in which the minor involved in the charges confessed to being the driver. In response, the State argues that nothing in the record suggests that the minor admitted being the driver or that the dismissal was a result of Clapp's response to discovery. In addition, the State argues that the district court's characterization is not incorrect because this case was consolidated with the probation case and the charges were dismissed at the same hearing in which Clapp admitted to committing the probation violations. While the State is correct that (1) there is nothing in the record to support the proposition that the charges were dismissed because of Clapp's discovery response; and (2) the charges were dismissed at the same hearing in which Clapp admitted to committing the probation violations, Clapp did not present any argument in his motion and Clapp's conclusory motion was not sufficient to meet the standard required to seal his record, regardless of the reason for dismissal.

While we recognize that the public interest in a dismissed case may be lower than other court proceedings, Clapp did not overcome the presumption in favor of public disclosure simply by pointing out that the charges were dismissed. Clapp failed to make a cogent argument as to why the public's First Amendment right to know what goes on in its courts should yield to his privacy interest. *Richmond Newspapers, Inc.*, 448 U.S. at 575-76. Thus, the district court correctly determined that Clapp's privacy interest in sealing the record did not predominate over the public's interest in disclosure under I.C.A.R. 32(i).

## IV.

## CONCLUSION

The district court did not abuse its discretion by denying Clapp's motion to seal and expunge the record. Accordingly, we affirm the district court's order denying Clapp's I.C.A.R. 32(i) motion.

Judge BRAILSFORD and Judge Pro Tem HORTON **CONCUR**.

9